Eastern District of Kentucky
FILED

MAY 24 2005

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

CIVIL ACTION NO. 03-268
CRIMINAL ACTION NO. 97-106

UNITED STATES OF AMERICA                                    PLAINTIFF

VS.                    MEMORANDUM OPINION AND ORDER

**NORMAN LEE HARRIS**                                       DEFENDANT

This matter is before the court on the objections of the defendant to the Magistrate's Report and Recommendation on his motion to vacate his sentence under 28 U.S.C. § 2255 (Doc. 192) and his motion for an evidentiary hearing (Doc. 193).

The court adopts the decision of the Magistrate Judge as the findings of fact and conclusions of law of the court as to all of defendant's arguments except that the court will specifically address defendant's § 2255 argument that this court wrongfully enhanced his sentence by making factual findings without submitting the issues to the jury as required in Blakely v. Washington, ___ U.S. ___, 124 S. Ct. 2531 (2004).

In Blakely, the Supreme Court held that a Washington state court sentencing schedule which permitted the sentencing judge to enhance a defendant's sentence beyond the statutory maximum was unconstitutional. The Court found that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum

1

must be submitted to a jury, and proved beyond a reasonable doubt." 124 S.Ct. at 2536. Despite the recent extension of the <u>Blakely</u> principle to the Federal Sentencing Guidelines, the Supreme Court strongly implied in *Booker* that the new rule cannot be applied retroactively to cases on collateral review. <u>United States v. Booker</u>, __ U.S. __, 125 S. Ct. 738, 749 (2005).

The Sixth Circuit has now held that *Booker* does not apply retroactively to cases on collateral review. <u>See Humphress v. United States</u>, 398 F.3d 855, 859 (6th Cir. Feb. 25, 2005); <u>Thelen v. United States</u>, 2005 WL 697093, No. 02-2244 (6th Cir. March 28, 2005). As this court is bound by the Sixth Circuit's published <u>Humphress</u> decision, <u>Blakely</u> and its progeny cannot be applied retroactively on collateral review.

In the present case, Harris' conviction and sentence became final on December 16, 2002, the date the Supreme Court denied Harris' petition for writ of certiorari. <u>United States v. Cottage</u>, 307 F.3d 494, 498-99 (6th Cir. 2002). Thus, his conviction became final prior to the Supreme Court's 2005 decision in <u>Booker</u>. Accordingly, the Court's holding in <u>Booker</u> does not apply retroactively to provide the defendant with any grounds for relief from his conviction and sentence.

The court finds that an evidentiary hearing is not required in this matter as the pleadings and record of the case conclusively show that the petitioner is not entitled to relief. <u>See Ross v.</u>

2

United States, 339 F.3d 483, 490 (6th Cir. 2003) (quoting Green v. United States, 65 F.3d 546, 548 (6th Cir. 1995), cert. denied, 516 U.S. 1098 (1996)).

For the reasons stated above and those previously set forth in the Magistrate Judge's Report and Recommendation, dated January 27, 2005 (Doc. #188),

IT IS ORDERED AND ADJUDGED that Harris' objections to the Report and Recommendation of the United States Magistrate Judge (Doc. 192) be, and they are, hereby **overruled**; that Harris' motion for an evidentiary hearing (Doc. 193) be, and it is, hereby **overruled**; that the Report and Recommendation (Doc. 188) be, and it is hereby **adopted** as the findings of fact and conclusions of law of the court; that the motion of the defendant to vacate his sentence under 28 U.S.C. § 2255 (Doc. 155) be, and it is hereby **denied**, and that this matter is hereby dismissed, with prejudice, and stricken from the docket of this court.

This 24th day of May, 2005.

*/s/ William O. Bertelsman*

**WILLIAM O. BERTELSMAN, JUDGE**

3